THOMA et al. v. PERRI et al.

(Circuit Court of Appeals, First Circuit.   November 16, 1915.)

No. 1129.

PATENTS ⬤⇒114—SUIT IN EQUITY TO OBTAIN PATENT—EVIDENCE.

Evidence *held* insufficient to overcome the presumption in favor of the decision of the Court of Appeals of the District of Columbia, awarding priority of invention to one of two applicants whose applications for patents were in interference.   Brooks v. Sacks, 81 Fed. 403, 26 C. C. A. 456, applied.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. ⬤⇒114.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by Andrew Thoma and others against Angelo Perri and others to obtain the issuance of a patent, under Rev. St. § 4915 (Comp. St. 1913, § 9460).   Decree for defendants and complainants appeal.   Affirmed.

See, also, 205 Fed. 632.

Melville Church, of Washington, D. C., for appellants.

Harrison F. Lyman, of Boston, Mass. (Fish, Richardson, Herrick & Neave, of Boston, Mass., on the brief), for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge.   This is one of the cases which have been quite common in this circuit, wherein a patentee has in one way or another fixed a settled date for his invention, and some infringer undertakes to establish an earlier date.   The courts in this circuit, in Brooks v. Sacks, 81 Fed. 403, 26 C. C. A. 456, decided on June 10, 1897, rejected any such attempt, based upon the unsupported recollections of witnesses, after any considerable length of time had expired, unless supported by concrete facts, and in several cases, some of which are of striking character, enforced that rule, the last case of that kind being Greenwood v. Dover, 194 Fed. 91, 114 C. C. A. 169, decided on December 12, 1911.   In this latter case, the patent had also been sustained by a suit in the Court of Appeals in the District of Columbia, based upon section 4915 of Revised Statutes (Comp. St. 1913, § 9460). The appeal at bar, in all substantial respects, including the adjudication of the Circuit Court of Appeals in the District of Columbia, coincided with Greenwood v. Dover.   It is impossible to establish any positive distinction between Greenwood v. Dover and the case at bar, and it is beyond doubt, therefore, that we must now affirm the decision of the District Court appealed from.   We can see no reason for elaborating our conclusion.

The judgment of the District Court is affirmed, and the costs of appeal are awarded to the appellees.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes